

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
11/17/2010

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 10-60149 |
| LACK'S STORES, INCORPORATED, *ET AL.*,[1] § | |
| § | (Chapter 11) |
| § | (Joint Administration Requested) |
| DEBTORS. § | |

## ORDER APPROVING DEBTORS' EMERGENCY (I) MOTION FOR AUTHORITY TO (A) CONDUCT STORE CLOSING SALES AND (B) ASSUME CONSULTING AGREEMENT AND (II) APPLICATION FOR ORDER AUTHORIZING RETENTION OF A JOINT VENTURE COMPRISED OF HILCO MERCHANT RESOURCES, LLC AND SB CAPITAL GROUP, LLC AS CONSULTANT TO THE DEBTORS

[Related to Dkt. No. 12]

The Court has considered the *Debtors' Emergency (I) Motion for Authority to (A) Conduct Store Closing Sales and (B) Assume Consulting Agreement and (II) Application for Order Authorizing Retention of A Joint Venture of Hilco Merchant Resources, LLC and SB Capital Group, LLC as Consultant to the Debtors* (the "Motion and Application")[2] filed by the above-captioned debtors (the "Debtors"). The Court finds that (a) it has jurisdiction over the matters raised in the Motion and Application pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) the relief requested in the Motion and Application is in the best interests of the Debtors' estates, creditors, and equity security holders, (d) under the circumstances, proper and adequate notice of the Motion and Application and hearing thereon has been given and that, except as set forth herein, no other or further notice is necessary, (e) conducting the Store Closing Sales is an exercise of the sound business judgment

ORDER APPROVING DEBTORS' EMERGENCY (I) MOTION FOR AUTHORITY TO (A) CONDUCT STORE CLOSING SALES AND (B) ASSUME CONSULTING AGREEMENT AND (II) APPLICATION FOR ORDER AUTHORIZING RETENTION OF A JOINT VENTURE COMPRISED OF HILCO MERCHANT RESOURCES, LLC AND SB CAPITAL GROUP, LLC AS CONSULTANT TO THE DEBTORS
Page 1 of 9
US 634594v.7

of the Debtors; (f) any provisions in the Debtors' store leases that prohibit, limit, or seek to prevent such sales are an impermissible restraint on the Debtors' ability to maximize their assets under § 363 of the Bankruptcy Code; (g) assuming the Consulting Agreement is an exercise of the sound business judgment of the Debtors; (h) employment and retention of Hilco/SB is in the best interest of the Debtors and their estates; and (i) good and sufficient cause exists for granting the relief requested in the Motion and Application after due deliberation upon the Motion and Application and all proceedings before the Court in connection with the Motion. Therefore, it is

**ORDERED** that the Motion and Application is **GRANTED**. It is further

**ORDERED** that the Debtors and the joint venture comprised of Hilco Merchant Resources, LLC and SB Capital Group, LLC ("Hilco/SB") are authorized to sell the Merchandise and FF&E (collectively, the "Assets") and the Additional Goods through the Store Closing Sales in accordance with the Consulting Agreement and the Sale Guidelines. No bulk sale, "going-out-of-business", or similar law shall prohibit the Debtors or Hilco/SB from taking any action contemplated by the Consulting Agreement. It is further

**ORDERED** that Hilco/SB is authorized to advertise the Store Closing Sales in the name of the Debtors. It is further

**ORDERED** that pursuant to § 363(f) of the Bankruptcy Code, all Assets sold at the Store Closing Sales shall be sold free and clear of any and all liens, claims, and encumbrances, if any, with such liens, claims, and encumbrances, including without limitation the liens of the Debtors' Lenders, to attach to the amounts payable to the Debtors under the Consulting Agreement, in the

---

[1] The Debtors and the last four digits of their tax identification numbers are Lack's Stores, Incorporated (6528), Merchandise Acceptance Corporation (0972), Lack's Furniture Centers, Inc. (9468), and Lack Properties, Inc. (8961).

same order, priority, and force and effect as such liens, claims, and encumbrances presently hold on such Assets. It is further

**ORDERED** that the Sale Guidelines attached hereto as **Exhibit "A"** are hereby approved, and the Debtors and Hilco/SB are authorized to take all of the actions contemplated thereby. It is further

**ORDERED** that the Debtors and Hilco/SB shall not be required to comply with applicable state and local laws governing store closing, liquidation, or "going out of business sales," including the regulations set forth Texas Business and Commerce Code §§ 17.81-17.93, in connection with the Store Closing Sales; provided, however, the Debtors and Hilco/SB shall comply with applicable state and local public health and safety laws and applicable general laws with respect to the Store Closing Sales. It is further

**ORDERED** that provided that the Store Closing Sales are conducted in accordance with this Order, the Debtors, Hilco/SB, and the Debtors' landlords shall be presumed to be in compliance with any State, county, parish, or municipal or other local government's (hereinafter referred to as "Local") requirements governing the conduct of the Store Closing Sales, including but not limited to Local statutes, regulation and ordinances establishing licensing or permitting requirements, waiting periods, time limits, or bulk sale restrictions that would otherwise apply to the Store Closing Sales (collectively, the "Liquidation Sale Laws") of any Local governmental unit (which means all governmental units other than the States or federal governmental units) served with a copy of the Motion. It is further

---

[2] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

**ORDER APPROVING DEBTORS' EMERGENCY (I) MOTION FOR AUTHORITY TO (A) CONDUCT STORE CLOSING SALES AND (B) ASSUME CONSULTING AGREEMENT AND (II) APPLICATION FOR ORDER AUTHORIZING RETENTION OF A JOINT VENTURE COMPRISED OF HILCO MERCHANT RESOURCES, LLC AND SB CAPITAL GROUP, LLC AS CONSULTANT TO THE DEBTORS** Page 3 of 9
US 634594v.7

**ORDERED** that subject only to applicable state and local public health and safety laws ("Safety Laws"), and applicable tax, labor, employment, environmental, and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "General Laws"), the Debtors and Hilco/SB be, and they hereby are, authorized to take such actions necessary and appropriate to implement the Consulting Agreement and to conduct the Store Closing Sales without the necessity of a further order of this Court as provided by the Consulting Agreement, including, but not limited to, advertising the Store Closing Sales through the posting of signs (including the use of exterior banners, use of sign walkers and street signage, in accordance with the Consulting Agreement and as otherwise provided in the Sale Guidelines). It is further

**ORDERED** that the Store Closing Sales shall be conducted by the Debtors and Hilco/SB without the necessity of compliance with any federal, state or local statute or ordinance, including any landmark ordinance; lease provision or licensing requirement affecting store closing, "going out of business," liquidation or auction sales, or affecting advertising, including signs, banners, posting of signage, and use of sign walkers, other than Safety Laws and General Laws, except as may otherwise expressly be provided for in the Sale Guidelines. NOTWITHSTANDING THE FOREGOING SENTENCE, OR ANY OTHER PROVISION OF THIS ORDER, OR OF THE CONSULTING AGREEMENT, OR OF THE SALE GUIDELINES TO THE CONTRARY, with respect solely to Hilco/SB's use of (i) signwalkers; (ii) interior store signage and banners; and (iii) exterior banners ("Banner and Signwalker Advertising"), (A) Hilco/SB is unconditionally authorized to use Banner and Signwalker Advertising (except only to the extent limited by an agreement between Hilco/SB and a landlord

entered into in connection with the Store Closing Sales) notwithstanding any Local laws, Safety Laws, General Laws, or lease provision which purports to regulate, prohibit, restrict, or in any way limit such activity so long as such activity is undertaken by Hilco/SB in a safe and professional manner; (B) any person (including without limitation any landlord or governmental unit who, after having received a copy of this Order, and after having been specifically advised in writing of the provisions of this Section, continues to interfere with any Banner and Signwalker Advertisement, including any action by a governmental unit taken against a landlord based on the activities of Hilco/SB undertaken pursuant to this Order (other than by seeking redress to this Court) shall be liable to Hilco/SB and/or Debtors and affected landlord(s) for any and all damages resulting from such continued interference; and (C) this Court shall retain exclusive jurisdiction with respect to any claim or issue by any person (including without limitation any State, governmental unit, or landlord) that seeks to regulate, prohibit, restrict, or in any other way limit Banner and Signwalker Advertising, or that alleges that Banner and Signwalker Advertising is not being undertaken in a safe and professional manner, with any such claim or issue to be heard by this Court on an expedited basis.  It is further

**ORDERED** that except as expressly provided for in the Consulting Agreement, nothing in this Order and none of Hilco/SB's actions taken in respect of the Store Closing Sales shall be deemed to constitute an assumption by Hilco/SB of any of Debtors' obligations relating to any of the Debtors' employees, nor shall Hilco/SB become liable under any collective bargaining or employment agreement or be deemed a joint or successor employer with respect to such employees.  It is further

**ORDERED** that the provisions of this Order shall be self-executing notwithstanding any restrictions in the Consulting Agreement on Hilco/SB's ability to conduct the Store Closing Sales in compliance with applicable laws or leases. Unless otherwise ordered by the Court, all newspapers and other advertising media in which the Store Closing Sales may be advertised, and all landlords are directed to accept this Order as binding authority so as to authorize the Debtors and Hilco/SB to consummate the Consulting Agreement and to conduct the Store Closing Sales, including, without limitation, conducting and advertising of the Store Closing Sales (at the contractual rates charged to the Debtors prior to the Petition Date) in accordance with the Consulting Agreement, the Sale Guidelines and this Order; and no further approval, license or permits of any governmental authority shall be required. It is further

**ORDERED** that the Debtors and Hilco/SB are authorized to sell the Assets through the Store Closing Sales notwithstanding any provisions in any of the leases relating to the Stores or Distribution Center that prohibit, limit, or seek to prevent such Store Closing Sales. Landlords of any of the Debtors' leases shall not in any way interfere with or otherwise restrict or impede the Debtors or Hilco/SB from conducting the Store Closing Sales. It is further

**ORDERED**, that pursuant to and in accordance with the terms of the Consulting Agreement, the Debtors and Hilco/SB may supplement Merchandise in the Stores only with additional goods which are of like kind and quality to the Merchandise located in the Stores ("<u>Additional Goods</u>"). In order to distinguish the Additional Goods from the Merchandise located in the Stores, the Debtors and/or Hilco/SB shall affix distinctive tags and/or other identifying markings on all items of Additional Goods, which shall enable the Debtors and Hilco/SB to distinguish the sales of the Additional Goods from the sale of the Merchandise

presently included in the Store Closing Sales at the Stores or distribution center. Additionally, Hilco/SB shall provide signage in the Stores notifying customers that the Additional Goods has been included in the Store Closing Sales. To the extent Hilco/SB and the Debtors comply with the foregoing procedures, the Debtors and Hilco/SB shall be deemed to be in compliance with Liquidation Sales Laws and consumer protection laws including consumer laws relating to deceptive practices and false advertising.

**ORDERED** that if any parties or persons, including but not limited to landlords, subtenants, utility companies, governmental agencies, sheriffs, marshals, or other public officers, creditors and any person acting for or on their behalf, directly or indirectly: (a) seek to prohibit Hilco/SB from advertising the Store Closing Sales (including the posting of signs, use of banners and use of sign walkers), to the extent the same is consistent with the Consulting Agreement, (b) in any way interfere with or otherwise impede the conduct of the Store Closing Sales or the use or maintenance of the Debtors' assets located at the Stores, (c) institute any action or proceeding in any court or other administrative body having as its objective the obtaining of an order or judgment against the Debtors or Hilco/SB, or (d) in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Store Closing Sales and/or seek to recover damages for breach(es) of covenants or provisions in any lease or sublease based upon any relief authorized by this Order, this Court shall retain exclusive jurisdiction to resolve such dispute, and such parties or persons shall take no action against the Debtors or Hilco/SB until this Court has resolved such dispute. This Court shall hear the request of such persons or parties with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances. It is further

**ORDERED** that all of the transactions contemplated by the Consulting Agreement shall be protected by § 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal. It is further

**ORDERED** that the Debtors are authorized to assume the Consulting Agreement. It is further

**ORDERED** that Hilco/SB is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Consulting Agreement and the conduct of the Store Closing Sales. It is further

**ORDERED** that, pursuant to 11 U.S.C. §§ 327 and 328, the Debtors are authorized to employ and retain Hilco/SB as their Consultant pursuant to the Consulting Agreement effective *nunc pro tunc* to the Petition Date. It is further

**ORDERED** that Hilco/SB shall be compensated, without the need to file a fee application, in accordance with the terms of the Consulting Agreement. It is further

**ORDERED** that the Debtors and their officers, employees, and agents are hereby authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Consulting Agreement, and any actions taken by the Debtors necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified. It is further

**ORDERED** that, notwithstanding any other order entered by this Court, to the extent Hilco/SB advances funds with the prior approval of the Debtors to cover out of pocket expenses associated with advertising and supervision in accordance with the Expense Budget, Hilco/SB shall be entitled to recover the amount of the advanced funds from the first proceeds from the

**ORDER APPROVING DEBTORS' EMERGENCY (I) MOTION FOR AUTHORITY TO (A) CONDUCT STORE CLOSING SALES AND (B) ASSUME CONSULTING AGREEMENT AND (II) APPLICATION FOR ORDER AUTHORIZING RETENTION OF A JOINT VENTURE COMPRISED OF HILCO MERCHANT RESOURCES, LLC AND SB CAPITAL GROUP, LLC AS CONSULTANT TO THE DEBTORS** Page 8 of 9
US 634594v.7

liquidation of the Assets notwithstanding any other party's claim to such proceeds provided that any expenses paid with the advanced funds is reasonable. It is further

**ORDERED** that the granting of the protections set forth in the preceding paragraph shall constitute a transfer of estate assets and shall be afforded all the protections of sections 363(n) and 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transactions contemplated by the Consulting Agreement pursuant to this Order shall not affect the validity of such transactions, unless such authorization and consummation are properly stayed pending appeal. It is further

**ORDERED** that the provisions of Bankruptcy Rules 6003 and 6004 are hereby waived. The Debtors are authorized to conduct the Store Closing Sales, assume the Consulting Agreement, and retain and employ Hilco/SB immediately, and this Order shall be immediately effective upon its entry. It is further

**ORDERED** that this Order shall be binding upon the Debtors, all creditors of the Debtors, and any trustee appointed in this proceeding or any trustee appointed in any subsequent proceeding under chapter 7 or chapter 11 of the Bankruptcy Code; and it is further

**ORDERED**, that a final hearing on this matter will be held on December 15, 2010 at 2:30 am/pm.

**ORDERED** that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

SIGNED THIS 17th day of Nov., 2010.

Jeff Bohm
United States Bankruptcy Judge

ORDER APPROVING DEBTORS' EMERGENCY (I) MOTION FOR AUTHORITY TO (A) CONDUCT STORE CLOSING SALES AND (B) ASSUME CONSULTING AGREEMENT AND (II) APPLICATION FOR ORDER AUTHORIZING RETENTION OF A JOINT VENTURE COMPRISED OF HILCO MERCHANT RESOURCES, LLC AND SB CAPITAL GROUP, LLC AS CONSULTANT TO THE DEBTORS  Page 9 of 9
US 634594v.7

## STORE CLOSING GUIDELINES

The following procedures shall apply to the Sale[1] to be held at the closing Stores and the disposal of the FF&E in the closing Stores:

1.  The Sale shall be conducted so that the closing Stores in which sales are to occur remain open no longer than the normal hours of operation provided for in the respective leases or other occupancy agreements for the closing Stores.

2.  The Sale shall be conducted in accordance with applicable state and local "Blue Laws," and thus, where applicable, no Sale shall be conducted on Sunday unless the Merchant had been operating such Stores on a Sunday.

3.  All display and hanging signs used by the Merchant and the Consultant in connection with Sale shall be professionally produced and all hanging signs shall be hung in a professional manner. The Merchant and the Consultant may advertise the Sale as a "going out of business", "sale on everything", "store closing", or similar theme sale at the closing Stores as provided by the Consulting Agreement. The Merchant and the Consultant shall not use neon or day-glo signs. Nothing contained herein shall be construed to create or impose upon the Merchant and the Consultant any additional restrictions not contained in the applicable lease or other occupancy agreement. In addition, the Merchant and the Consultant shall be permitted to utilize exterior banners, sign walkers and street signage, notwithstanding any state, county or local law or ordinance; provided however the use of sign walkers and use of street signage shall be done in a safe manner and shall not be permitted on mall or shopping center property.

4.  Conspicuous signs shall be posted in the cash register areas of each Store to the effect that all sales are "final" and that customers with any questions or complaints subsequent to the conclusion of the Sale may contact a named representative of the Merchant or the Consultant at a specified telephone number. Conspicuous signage shall be posted in the cash register area of each Store to the effect that the manufacturer's warranty, if any, may still exist and customers should consult the packaging materials to see what, if any, manufacturer's warranties are available.

5.  Within a "Shopping Center", the Consultant shall not distribute handbills, leaflets or other written materials to customers outside of any of the closing Stores, unless permitted by the applicable lease or, if distribution is customary in the shopping center in which the closing Store is located. Otherwise, the Consultant may solicit customers in the closing Stores themselves. The Consultant shall not use any flashing lights or amplified sound to advertise the Sale or solicit customers, except as permitted under the applicable lease or agreed to by the landlord.

6.  At the conclusion of the Sale, Consultant shall vacate the closing Stores in "broom-clean" condition, and shall otherwise leave the closing Stores in the same condition as on the commencement of the Sale, ordinary wear and tear excepted; provided, however, that the Merchant and Consultant hereby do not undertake any greater obligation than as set forth in an applicable lease with respect to a Store. The Merchant may abandon any FF&E or other materials (the "Abandoned Property") not sold in the Sale at the closing Store premises at the conclusion of the Sale. Any Abandoned Property left in a Store after a lease is rejected shall be deemed abandoned with the landlord having the right to dispose of the same as the landlord chooses without any liability whatsoever on the part of the landlord to any party.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Consulting Agreement.

DB02:7681795.2                     EXHIBIT A                     067961.1001

7. Subject to the provisions of the Consulting Agreement, the Consultant shall have the right to sell FF&E located in the closing Stores. The Consultant may advertise the sale of the FF&E consistent with the guidelines provided in paragraphs 4 and 6 hereof. For the avoidance of doubt, as of the Sale Termination Date, Consultant may abandon, in place, and without further responsibility, any unsold FF&E located at the closing Stores; provided that any abandonment of the FF&E by the Debtor's shall only be authorized by order of the Court.

8. The Consultant shall not make any alterations to interior or exterior Store lighting. No property of any landlord of a Store shall be removed or sold during the Sale. The hanging of exterior banners or other signage shall not constitute an alteration to a Store.

9. At the conclusion of the Sale at each Store, pending assumption or rejection of applicable leases, the landlords of the closing Stores shall have reasonable access to the closing Store premises as set forth in the applicable leases. The Merchant, the Consultant and their agents and representatives shall continue to have exclusive and unfettered access to the closing Stores.

10. Post-petition obligations shall be paid by the Merchant as required by the Bankruptcy Code until the rejection or assumption and assignment of each lease.

11. The rights of the landlords for any damages to the closing Stores shall be reserved in accordance with the applicable leases, and subject to the jurisdiction of the Court.

12. The Merchant shall notify a representative of the relevant landlord of the date on which the Sale is scheduled to conclude at a given Store, within three business days of the Merchant's receipt of such notice from the Consultant.

13. To the extent that any Store landlord affected hereby contends that the Merchant is in breach or default under these Store Closing Guidelines, such landlord shall provide at least five (5) days' written notice, served by facsimile and overnight delivery, on the Merchant and the Merchant's counsel, and the Consultant, at the following facsimile numbers and addresses:

| | |
|---|---|
| If to the Merchant: | Lack's Stores, Incorporated<br>200 South Ben Jordan<br>Victoria, Texas 77901<br>Attn:   Melvin Lack<br>Tel:    (361) 578-3571<br>Fax:   (361) 576-9814 |
| With a copy to: | Vinson & Elkins LLP<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3700<br>Dallas, Texas 75201<br>Attn:   Daniel C. Stewart<br>Tel:    (214) 220-7700<br>Fax:   (214) 999-7716 |
| If to the Consultant: | Hilco Merchant Resources, LLC<br>One Northbrook Place<br>5 Revere Drive<br>Suite 206<br>Northbrook, IL  60062<br>Attn:   Joseph Malfitano<br>Deputy General Counsel<br>Tel:    (847) 504-3257<br>Fax:   (847) 224-5725 |

If the parties are unable to resolve the dispute between themselves, either the landlord or the Merchant shall have the right to schedule a "status hearing" before the Bankruptcy Court on no less than five (5) days notice to the other parties.