

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
11/18/2010

| | | |
|---|---|---|
| IN RE: § | CASE NO. 10-60149 | |
| LACK'S STORES, INCORPORATED, § | (Chapter 11) | |
| DEBTOR. § | (Joint Administration Requested) | |
| IN RE: § | | |
| MERCHANDISE ACCEPTANCE CORPORATION, § | CASE NO. 10-60152 | |
| DEBTOR. § | (Chapter 11) | |
| IN RE: § | | |
| LACK'S FURNITURE CENTERS, INC., § | CASE NO. 10-60151 | |
| DEBTOR. § | (Chapter 11) | |
| IN RE: § | | |
| LACK PROPERTIES, INC., § | CASE NO. 10-60150 | |
| DEBTOR. § | (Chapter 11) | |

## INITIAL ORDER GRANTING CHAPTER 11 COMPLEX CASE TREATMENT

[Relates to Dkt. No. 5]

These bankruptcy cases were filed on **November 16, 2010**. A Notice of Designation as Complex Chapter 11 Cases was filed. After review of the initial pleadings filed in these cases, the Court concludes that these cases appear to be Complex Chapter 11 Cases and issues this scheduling order, subject to rescission, revision, or modification as provided below:

1. **Service List and Limitation on Service**: The Debtors shall maintain a consolidated master service list ("Master Service List"), identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required by title 11 of the United States Code (the "Bankruptcy Code") or Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), notices of motions and other matters will be limited to the parties on the Master Service List.

a. The Master Service List shall initially include (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors; (c) the attorneys for the Debtors; (d) The CIT Group/Business Credit, Inc., as Administrative Agent for the Debtors' Senior Lenders, (e) each Debtors' 20 largest unsecured creditors; (f) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; and (g) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules.

b. Any party in interest that wishes to receive notice, other than as listed on the Master Service List, shall be added to the Master Service List by filing with the Court, and serving the Debtor and Debtors' counsel with a notice of appearance and request for service;

c. Parties on the Master Service List who have not otherwise consented to service by e-mail, through the act of becoming a registered e-filer in this District, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail; consent to e-mail service may be included in the party's notice of appearance and request for service; in the event a party has not consented to e-mail service, "hard copy" of the pleadings and documents shall be served by fax or by regular mail;

d. The initial Master Service List shall be filed within 3 days after entry of this order. A revised Master Service List shall be filed 15 days after the Initial Master Service List is filed. The Debtors shall update the Master Service List, and shall file into the record a copy of the updated Service List, at least every 30 days thereafter.

2. **Hearing Days:** The Court hereby **establishes Wednesday of every other week at 2:30 p.m. beginning December 1, 2010** as the scheduled hearing day ("Hearing Day") and time for hearing all motions and other matters in these cases. There may be exceptions; those exceptions will be noted on the Court's internet schedule, available at:

   http://www.txs.uscourts.gov/bankruptcy/judges/jb/

3. **Setting Hearings and giving Notice for Matters that do not Require Emergency or Expedited Treatment:** All motions and other matters requiring hearing (including motions for relief from the automatic stay but NOT including claims objections and adversary proceedings) shall be noticed for hearing on the next Hearing Day that is at least 23 days after the notice is mailed. As a preface to each pleading, just below the case caption, in lieu of the language required by Bankruptcy Local Rule 9013(b), the pleading shall state:

A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____ AT _____ __.M. IN COURTROOM 600, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TX 77002.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING UNLESS YOU DID NOT RECEIVE THIS NOTICE IN TIME TO DO SO. IN THAT SITUATION, FILE YOUR RESPONSE AS SOON AS POSSIBLE. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

a. The Court will set separate hearings for claims objections and adversaries.

4. **Setting Hearings and Giving Notice of a Motion Requiring Emergency or Expedited Relief:** If a motion requires emergency or expedited relief:

   a. The motion shall state with specificity the reason why an emergency exists or why there is a need for expedited treatment. No separate motion for an emergency hearing is required.

   b. Movant shall serve notice of the motion and of the hearing as set forth above, (including the language above giving notice of the hearing date and the necessity to file a response). However, the Movant may choose a Hearing Day that is less than 23 days notice after notice is mailed. Movant should choose a date that allows as much time as possible for consideration and response by parties receiving the notice. The motion may be set for the next Hearing Day only if absolutely necessary.

   c. When the motion is called for hearing on the designated Hearing Day, the Court will first consider whether expedited treatment is required, whether adequate notice has been given, and whether there has been adequate opportunity for parties to be heard. The Court may decide to hear the matter at that time or the Court may issue other scheduling orders as the Court determines to be appropriate after consideration of the nature of the emergency, the adequacy of the notice and delays for consideration by all parties, the nature of the relief sought, and such other matters as the Court may consider to be cogent.

   d. **Extraordinary Emergencies:** In very rare circumstances, a party may need relief that cannot be delayed until the next Hearing Day. In such circumstances,

       the Movant may, by separate motion, request a hearing to be held prior to the next Hearing Day. If the Court grants such emergency treatment, the Court will direct the requisite notice and will set a hearing date and time. When the matter is called for hearing, the Court will first consider the propriety of emergency treatment as described in sub-paragraph (c) above.

    e.    Parties are encouraged to authorize opposing parties to serve them by fax or e-mail to facilitate notice of emergency and expedited hearings.

5.    **Proposed Hearing Agenda:**  At least 2 business days prior to each Hearing Day, Debtors' counsel shall provide to the judge's case manager a Proposed Hearing Agenda. Debtors' counsel shall contemporaneously provide the Proposed Hearing Agenda to counsel for the Unsecured Creditors' Committee, all secured creditors, and the United States Trustee by fax or e-mail.

    a.    Debtors' counsel shall contact the judge's case manager for a format and for instructions concerning how to deliver the Proposed Hearing Agenda to the case manager (*i.e.* by fax, e-mail, *etc.*). The Clerk will usually post the Proposed Hearing Agenda on the judge's internet page. The Proposed Hearing Agenda, whether or not served on parties or published on the internet, is merely a proposal for the convenience of the Court and counsel. It is <u>NOT</u> determinative of the matters to be heard on that day and is not determinative of whether there will be a settlement or continuance.

    b.    The Proposed Hearing Agenda shall conform to the format provided by the case manager but is expected to include:

        i.    The docket number and title of each matter to be scheduled for hearing on the next Hearing Day;

        ii.    Whether the matter is contested or uncontested;

        iii.    An estimate of the time required to hear each matter;

        iv.    Other comments that will assist the court in organizing its docket for the day: (for example, if a request for a continuance or withdrawal of the matter is expected); and

        v.    A suggestion for the order in which the matters should be addressed.

    c.    On the Hearing Day, the Court may, or may not, accept the hearing agenda proposed by the Debtors.

6.    **Participation in Some Hearings By Telephone:**  Emergency and expedited hearings (and other hearings in limited circumstances) in this case may be conducted by telephone conference. Parties must request permission to participate by telephone at least 24 hours prior to the hearing by contacting the Court's case manager, Robin Stennis by email at

cmaA679@txs.uscourts.gov.  Upon approval, the dial-in information listed below should be utilized and the instructions concerning telephonic appearances can be found at Bohm's web page at:

http://www.txs.uscourts.gov/bankruptcy/judges/jb/

**Designated Dial-In Telephone Number: 713-250-5577**

7. **Settlement:** If a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (*i.e.* that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated) the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

8. **Case Captions:** Complex cases usually involve hundreds of motions. To facilitate motion tracking by the Clerk of Court, each answer, reply, objection, and order filed or provided by a party in this case should contain, in its title or first paragraph, a reference to the docket number of the pleading to which it responds. EXAMPLE:

Response by XYZ Bank to Debtor's Motion For Use of Cash Collateral.
[This pleading responds to Docket #___]

9. **Noticing Agent and/or Claims Agent:** Debtors' counsel shall contact the Clerk of Court immediately to discuss the anticipated workload with respect to sending notices to parties in interest and with respect to filing proofs of claim. If the Clerk concludes that the requirements for these functions will put unacceptable burdens on the Clerk's resources, the Debtors shall forthwith propose the appointment of a claims agent or noticing agent, or the Debtors shall propose another solution acceptable to the Clerk.

10. **Notice and Objections to this Order:** The Debtors shall give notice of this order to all parties in interest within 7 days. If any party in interest, at any time, objects to the provisions of this order, that party shall file a motion for appropriate relief, articulating the objection and the relief requested. The motion shall comply with the provision of this order. After hearing the Motion and any responses, the Court may grant appropriate relief, if any is required. The Court may also, *sua sponte*, revise, modify, or rescind this order.

Dated: This 18th day of November, 2010

JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE