IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-60149 |
| | § | |
| LACK'S STORES, INCORPORATED, *ET AL.*,[1] | § | (Chapter 11) |
| | § | Jointly Administered |
| | § | |
| DEBTORS. | | |

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**

**[Related to Dkt. No. _____]**

The Court has considered the *Motion to Establish Procedure for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals* (the "Motion")[2] filed by the above-referenced debtors (collectively, the "Debtors"). The Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors, (d) proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary, and (e) good and sufficient cause exists for the granting the relief requested in the Motion after due deliberation upon the Motion and all proceedings before the Court in connection with the Motion. Therefore, it is

**ORDERED** that the Motion is **GRANTED**. It is further

**ORDERED** that, except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals retained in the Debtors' Chapter 11 cases

---

[1] The Debtors and the last four digits of their tax identification numbers are Lack's Stores, Incorporated (6528), Merchandise Acceptance Corporation (0972), Lack's Furniture Centers, Inc. (9468), and Lack Properties, Inc. (8961).

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**     Page 1 of 3

US 618830v.2

(the "Professionals") may seek interim compensation in accordance with the following procedure:

    a.    On or before the last day of each month following the month for which compensation is sought, each Professional or each member of an official committee of the Cases (a "Committee Member") will serve a detailed statement of services rendered and/or expenses[3] incurred during the prior month(s) upon (i) the Debtors, (ii) the Debtors' counsel, (iii) counsel to the general unsecured creditors committee, if any, (iv) the Office of the United States Trustee; and (v) counsel for Agent to the Senior Lenders (collectively, the "Parties"). Each entity receiving a statement will have fifteen days after the date of receipt to review and raise written objections, if any, to each statement. At the expiration of the fifteen day objection period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the out-of-pocket expenses identified in each monthly statement, except such fees or expenses to which an objection has been served by one of the Parties.

    b.    In the event that one of the Parties has an objection to the compensation or reimbursement sought in a particular monthly statement, such Party shall, within such fifteen days after the receipt of the statement, serve upon the Parties a written "Notice of Objection to Fee Statement," with a statement setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting Party and the Professional to whose statement an objection has been served shall attempt to reach an agreement regarding the correct payment to be made. If the Parties are unable to reach an agreement on the objection within fifteen days after receipt of such objection, the Professional whose fee statement is subject to an objection shall have the option of (i) filing the objection, together with a request for payment of the disputed amount, with the Court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection if payment of the disputed amount is requested. However, the Debtors will be required to pay promptly that percentage set forth above of any portion of the fees and disbursements requested that are not the subject of a Notice of Objection to Fee Statement.

    c.    The first statement shall be submitted by each Professional and Committee Member, as applicable, by December 31, 2010 and shall cover the period from the Petition Date through November 30, 2010.

---

[2] Capitalized terms not defined herein shall have the meaning given to them in the Motion

[3] Committee Members are only entitled to seek reimbursement of reasonable expenses incurred in accordance with 11 U.S.C. § 503(b)(3)(F) and pursuant to the terms of the proposed order.

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**  **Page 2 of 3**

US 618830v.2

    d.    Approximately every three months, each of the Professionals shall file with the Court and serve on the parties identified in subparagraph (a) above, on or before the thirtieth day following the last day of the compensation period for which compensation is sought, an application for interim Court approval and allowance, pursuant to Bankruptcy Code § 331, of compensation and reimbursement of expenses incurred during the prior three months. The first such interim fee application shall be filed by each Professional on or before March 31, 2011 and shall cover the period from the Petition Date through February 28, 2011. Any Professional who fails to file an application when due as directed by this subparagraph shall be ineligible to receive further monthly or interim payments of fees or expenses as provided herein until such time as the application is submitted.

    e.    The pendency of an objection or a Court order stating that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a Professional or Committee Member from the future payment of monthly compensation or reimbursement of expenses as set forth above, except as otherwise directed by an Order of this Court.

    f.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall bind any party in interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals or Committee Members.

    g.    The Debtors will include all payments to Professionals or Committee Members on their monthly operating reports, detailed so as to state the amount paid to each of the Professionals and Committee Members.

**ORDERED** that this Court will retain jurisdiction to hear and consider all matters arising from the interpretation and implementation of this Order.

SIGNED THIS \_\_\_\_ day of _____, 2010.

_____
**Jeff Bohm**
**United States Bankruptcy Judge**

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**     **Page 3 of 3**

US 618830v.2