

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
12/22/2010

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-60149 |
| LACK'S STORES, INCORPORATED, *ET AL.*,[1] | § § | (Chapter 11) |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

ORDER GRANTING DEBTORS' APPLICATION PURSUANT 11 U.S.C. §§ 327(a) AND 328(a) FOR AUTHORITY TO EMPLOY AND RETAIN DJM REALTY SERVICES, LLC AS REAL ESTATE CONSULTANT AND ADVISOR

[Related to Dkt. No. 88]

The Court has considered the *Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) for Authority to Employ and Retain DJM Realty Services, LLC as Real Estate Consultant and Advisors* (the "Application")[2] filed by Lack's Stores, Incorporated and its affiliated debtor entities, as debtors and debtors in possession (collectively, the "Debtors"). Based upon the Application and the accompanying Declaration, and the representations and arguments contained therein, and it appearing that (a) the proposed employment of DJM Realty Services, LLC ("DJM") is in the best interests of the Debtors' estates, their creditors, and other parties in interest; (b) DJM is a disinterested entity; (c) DJM does not hold an interest adverse to the Debtors' estates; (d) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (e) all timely objections not resolved herein are overruled on their merits; and (f) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and (f) due and adequate notice of the Application has been given. After due deliberation and cause appearing therefore, it is hereby:

---

[1] The Debtors and the last four digits of their tax identification numbers are Lack's Stores, Incorporated (6528), Merchandise Acceptance Corporation (0972), Lack's Furniture Centers, Inc. (9468), and Lack Properties, Inc. (8961).

[2] All capitalized terms used herein, but not otherwise defined, shall have the meanings set forth in the Application.

**ORDERED** that the Application is **GRANTED** to the extent set forth herein.  It is further

**ORDERED** that the Debtors are authorized to employ and retain DJM as real estate consultant and advisor effective *nunc pro tunc* to the date of the Agreement.  It is further

**ORDERED** that the terms and conditions of the Agreement, as modified herein, are approved.  It is further

**ORDERED** that, with the exceptions of the Debtors, DJM shall not represent any member of the Lack family or any entity controlled by a member of the Lack family (together, the "Lack Entities") with respect to the Real Estate Interests.  This Order is without prejudice to DJM's ability to represent the Lack Entities in transactions involving one or more Real Estate Interests once such interests are no longer property of the Debtors' estates.  DJM shall provide advance notice of such future representation(s) to the Debtors and the Official Committee of Unsecured Creditors (the "Committee") and make any necessary disclosures to this Court. It is further

**ORDERED** that, pursuant to 11 U.S.C. § 330, DJM shall apply to this Court for allowance of any commissions or expenses payable with respect to the closing of any transactions involving any of the two Owned Properties that allegedly serve as collateral for a loan made by City Bank (the "City Bank Collateral").[3]  This Order is without prejudice to the Debtors' right to recover from the City Bank Collateral the reasonable, necessary costs and expenses of preserving or disposing of the City Bank Collateral pursuant to 11 U.S.C. § 506(c) or City Bank's right to contest such surcharge.  It is further

---

[3] The physical addresses for the City Bank Collateral are (a) 1150 Schwab Road, Schertz, Texas and (b) 6351 Rittman Road, San Antonio, Texas.

ORDERED that, with respect to all other Real Estate Interests (exclusive of the City Bank Collateral), DJM shall be compensated for services rendered, and reimbursed for any related expenses incurred, in accordance with 11 U.S.C. § 328(a); provided that DJM shall file a fee application pursuant to § 330 or 331 of the Bankruptcy Code for any work done on an hourly basis to the extent that the fees associated with that work exceeds $10,000 in the aggregate, and DJM shall not be entitled to any payments exceeding $10,000 on account of such services absent Order of the Court. It is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order. It is further

ORDERED that, upon the request of the Committee, and subject to reasonable confidentiality restrictions, the Debtors and DJM shall make reasonable efforts to consult with the Committee's professionals regarding DJM's negotiations, marketing, and disposal of the Debtors' Real Estate Interests.

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SIGNED THIS 22nd day of December, 2010.

Jeff Bohm
United States Bankruptcy Judge

**Order Submitted by:**

**VINSON & ELKINS LLP**

By:  /s/ *Michaela C. Crocker*

Michaela C. Crocker
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.999.7787
mcrocker@velaw.com
**Counsel for the Debtors**

**Agreed as to Form:**

**PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP**

By:  /s/ *Clifford Katz*

Clifford Katz
1065 Avenue of The Americas, 18th Floor
New York, NY 10018
Fax: 212.593.0353
E-mail: ckatz@platzerlaw.com
**COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**


**COX SMITH MATTHEWS INCORPORATED**

By:  /s/ *Mark E. Andrews*
Mark E. Andrews
1201 Elm Street, Suite 3300
Dallas, TX 75270
Fax: 214.698.7899
E-mail: mandrews@coxsmith.com
**COUNSEL FOR CITY BANK**