IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 10-60149 (JB) |
| LACK'S STORES, INC., *ET AL.*,[1] | § | |
| | § | Chapter 11 |
| | § | (Jointly Administered) |
| Debtors. | § | |

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
PLATZER, SWERGOLD, ET AL., AS COUNSEL

A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 19, 2010 AT 2:30 P.M. AT THE UNITED STATES COURTHOUSE, COURTROOM 600, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

The Official Committee of Unsecured Creditors (the "Committee") of Lack's Stores, Incorporated and its affiliated debtors, as debtors and debtors in possession (the "Debtors"), hereby submits this application (the "Application"), pursuant to 11 U.S.C. §§ 328(a) and 1107(b) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

---

[1] The Debtors and the last four digits of their tax identification numbers are Lack's Stores, Incorporated (6528), Merchandise Acceptance Corporation (0972), Lack's Furniture Centers, Inc. (9468), and Lack Properties, Inc. (8961).

seeking entry of an order authorizing the employment and retention of Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP ("PSK") as counsel for the Committee *nunc pro tunc* to December 2, 2010. In support of this Application, the Committee submits the *Affidavit and Disclosure of Clifford A. Katz* (the "Katz Affidavit"), which is attached hereto as **Exhibit "A"**. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Application concerns the administration of the estates, and, therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On November 16, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned cases (the "Cases").

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5. On November 30, 2010, the Committee was appointed by the Office of the United States Trustee, and selected PSK to represent its interests in these Cases.

6. On December 2, 2010, a meeting of the Committee took place at which time the Committee interviewed various law firms as potential counsel for the Committee and ultimately selected PSK as its counsel.

## RELIEF REQUESTED

7. The Committee seeks to employ PSK as its attorneys to, *inter alia*, (a) give the Committee legal advice with respect to its powers and duties as an official committee pertaining

to the Debtors' bankruptcy cases; and (b) perform all legal services for the Committee that may be necessary throughout these Cases.

8. The name, mailing address, and telephone number of the lead attorney from PSK who will be attorney of record is:

> Clifford A. Katz
> Platzer, Swergold, Karlin, Levine,
>   Goldberg & Jaslow, LLP
> 1065 Avenue of The Americas, 18th Floor
> New York, NY 10018
> Tel: 212.593.3000
> Fax: 212.593.0353
> ckatz@platzerlaw.com

Other attorneys at PSK will participate in the representation of the Committee, as necessary.

9. Pursuant to Bankruptcy Code § 328(a) and Bankruptcy Rule 2014, the Committee wishes to retain PSK as counsel *nunc pro tunc* to December 2, 2010.[2] The Committee has selected PSK as counsel because the Committee believes that PSK is well-qualified to represent it in these Cases. PSK has extensive experience and knowledge in the field of business reorganizations and liquidations pursuant to chapter 11 of the Bankruptcy Code. PSK has expertise, experience, and knowledge practicing before bankruptcy courts, and has represented debtors, lenders, committees, investors, shareholders, and asset purchasers. PSK is a full-service law firm with experience and expertise in other legal areas that will be affected during these Cases. PSK is familiar with the legal issues that are likely to arise during the course of the Cases. If the Committee is required to retain counsel other than PSK, it would incur additional expense and delay. Accordingly, the Committee believes PSK will provide effective and efficient representation to the Committee.

---

[2] Pursuant to LBR 2014-1(b)(1), an application for approval of employment made within 30 days after the commencement of the provision of services is deemed contemporaneous. Nonetheless, the Committee is requesting *nunc pro tunc* approval in an abundance of caution.

10. The services to be provided by PSK to the Committee include, without limitation, the following:

   a. Assisting and advising the Committee in its consultation with the Debtors relative to the administration of these Cases;

   b. Attending meetings and negotiating with the representatives of the Debtors;

   c. Assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

   d. Assisting the Committee in the review, analysis and negotiation of any plan(s) of reorganization/liquidation filed and to assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

   e. Assisting the Committee in the review, analysis and negotiation of any financing arrangements;

   f. Taking all necessary action to protect and preserve the interests of the Committee, including: (i) the investigation and prosecution of certain actions, on the Committee's behalf, (ii) negotiations concerning all litigation in which the Debtor is involved, and (iii) if appropriate, reviewing, analyzing and reconciling claims filed against the Debtors' estates;

   g. To generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Committee;

   h. To appear, as appropriate, before this Court, the appellate courts, other courts and tribunals, and the United States Trustee, and to protect the interests of the Committee before said Courts and the United States Trustee; and

   i. To perform other necessary and appropriate legal services in this case as the Committee may request and as PSK may agree.

11. No compensation has been paid to PSK. Subject to the Court's approval, PSK proposes to bill for fees based upon time spent in rendering legal services at the same hourly rates that PSK charges its other clients for similar work.[3] The hourly rates of the PSK attorneys expected to perform legal services hereunder are (a) $475 to $670 for partners, (b) $200 to $475

---

[3] PSK's standard rates are subject to adjustment as of January 1 of each year. PSK proposes to bill for fees as calculated by its rate structure for the relevant period(s) of time.

for associates, and (c) $175 for paraprofessionals. In addition, PSK will seek to be reimbursed for its out-of-pocket expenses for rendering such services.

12. All PSK attorneys who provide services to the Committee will maintain billing records setting forth complete and detailed activity descriptions including a time allotment billed in increments of one-tenth of an hour. Each activity will include a description of the type and subject matter of the activity undertaken and activity descriptions will not be lumped together. Activity descriptions will be presented chronologically within each project category.

13. All compensation payable to PSK with respect to services rendered will be subject to Court approval in accordance with Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Orders of this Court.

14. To the best of the Committees' knowledge, the attorneys at PSK do not have any connection with the Debtors, the Debtors' substantial creditors, their respective attorneys, and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed in the Katz Affidavit.[4]

15. PSK has indicated its desire and willingness to serve as bankruptcy counsel for the Committee on the basis set forth above.

## PRAYER

The Committee respectfully requests that the Court enter an Order authorizing and approving the employment of PSK on the terms set forth above. The Committee requests that the Court grant it such other and further relief to which it may be justly entitled.

---

[4] To the extent PSK determines that its representation of the Committee in a specific matter involving a particular party will present a conflict, the Committee will retain special counsel for such matter.

**COMMITTEE'S APPLICATION FOR ORDER**
**AUTHORIZING EMPLOYMENT AND RETENTION**
**OF PLATZER, SWERGOLD, ET AL., AS COUNSEL** Page 5 of 7

Dated: December 29, 2010

                        Respectfully submitted,

                        OFFICIAL COMMITTEE OF
                        UNSECURED CREDITORS OF LACK'S
                        STORES, INCORPORATED AND ITS
                        AFFILIATED DEBTORS

                        By: _____
                              Sealy Mattress Company
                              Co-Chair of the Committee
                              Mike Murray

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 29, 2010, the foregoing pleading was served electronically by the Court's Pacer System to those parties registered to receive electronic notice, and via email or U.S. Mail, postage prepaid, upon the persons listed on the Master Service List as of December 6, 2010.

/s/ S. Margie Venus

S. Margie Venus