IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-60149 |
| LACK'S STORES, INCORPORATED, | § | |
| ET AL.,[1] | § | (CHAPTER 11) |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
STRONG PIPKIN BISSELL & LEDYARD, L.L.P. AS LOCAL COUNSEL**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 19, 2011 AT 2:30 P.M. AT THE UNITED STATES COURTHOUSE, COURTROOM 600, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

The Official Committee of Unsecured Creditors (the "Committee") of Lack's Stores, Incorporated and its affiliated debtors, as debtors and debtors in possession (the "Debtors"), hereby submits this application (the "Application"), pursuant to 11 U.S.C. §§ 328(a) and 1107(b) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

---

[1] The Debtors include Lack's Stores, Incorporated, Merchandise Acceptance Corporation, Lack's Furniture Centers, Inc., and Lack Properties, Inc.

1118089v2                                   1

entry of an order authorizing the Committee to retain and employ Strong Pipkin Bissell & Ledyard, L.L.P. ("Strong Pipkin") as its local counsel in connection with the Debtors' Chapter 11 cases. In support of this Application, the Committee submits the Declaration of S. Margie Venus ("Venus Declaration"), which is attached hereto as Exhibit "A". In further support of this Application, the Committee respectfully represents as follows:

### BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Application concerns the administration of the estates, and, therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On November 16, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned cases (the "Cases").

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5. On November 30, 2010, the Committee was appointed by the Office of the United States Trustee.

6. On December 2, 2010, a meeting of the Committee took place at which time the Committee interviewed various law firms as potential counsel for the Committee and ultimately selected Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP ("PSK"). Subsequently, at a meeting of the Committee held on December 7, 2010, the Committee selected Strong Pipkin to serve as local counsel with PSK.

## RELIEF REQUESTED

7.      Pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, the Committee seeks to employ and retain the law firm of Strong Pipkin as its local counsel, effective as of December 7, 2010 in connection with the Debtors' Cases.

## RETENTION OF STRONG PIPKIN

8.      The Committee respectfully submits that it is necessary and appropriate to employ and retain Strong Pipkin as local counsel to assist lead counsel as requested, advise on local procedures, appear on certain matters before the court without duplication of effort and to the extent requested, assist on the following services:

(a)     advise the Committee with respect to its rights, duties and powers in these Chapter 11 cases;

(b)     assist and advise the Committee in its consultations with the Debtors relative to the administration of these chapter 11 cases;

(c)     assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with holders of claims and equity interests;

(d)     assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the conduct of the Debtors' affairs;

(e)     assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

(f)     assist and advise the Committee as to its communications to the general creditor body regarding significant matters in these chapter 11 cases;

(g)     represent the Committee at hearings and other proceedings;

(h)     review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety, and to the extent deemed appropriate by the Committee support, join or object thereto;

(i) prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any of the foregoing; and

(j) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

9. The Committee believes that Strong Pipkin possesses extensive knowledge and expertise in the areas of law relevant to these chapter 11 cases, and that Strong Pipkin is well qualified to represent the Committee in these chapter 11 cases. In selecting counsel, the Committee sought attorneys with considerable experience in representing unsecured creditors' committees in chapter 11 reorganization cases and other debt restructurings. Strong Pipkin has such experience, as attorneys with Strong Pipkin have represented official creditors' committees in significant chapter 11 reorganizations in this jurisdiction and others.

10. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Strong Pipkin in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(1) of the Bankruptcy Code. Subject to this Court's approval, Strong Pipkin will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code. Strong Pipkin will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

11. The names, positions and current hourly rates of the Strong Pipkin attorneys currently expected to have primary responsibility for providing services to the Committee are as follows: S. Margie Venus (Of Counsel) - $450; Michelle Hebert (Paralegal) - $150/hour. Also,

it will be necessary, during the course of these cases, for other Strong Pipkin professionals to provide services to the Committee.

12. All compensation payable to Strong Pipkin with respect to services rendered will be subject to Court approval in accordance with Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Orders of this Court.

13. To the best of the Committees' knowledge, the attorneys at Strong Pipkin do not have any connection with the Debtors, the Debtors' substantial creditors, their respective attorneys, and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed in the Venus Declaration.

14. Strong Pipkin will serve as local counsel to the Committee with PSK. Strong Pipkin and PSK have been working to assign tasks among them and to ensure that they do not duplicate efforts and services. The firms will continue to do so.

15. The Application has been filed within thirty days of the commencement of the provision of services and Strong Pipkin therefore submits that the Application should be considered contemporaneous pursuant to Local Bankruptcy Rule 2014(b)(1).

## NO PRIOR REQUEST

16. No prior application for the relief sought in this Application has been made to this or any other court in connection with these Cases.

WHEREFORE, the Committee requests that an Order be entered authorizing the Committee to retain Strong Pipkin as its local counsel in these cases *nunc pro tunc* to December 7, 2010, on the terms set forth above, and providing the Committee such other and further relief as the Court may deem just, proper and equitable.

Dated: December 29, 2010

        Respectfully submitted,

        OFFICIAL COMMITTEE OF UNSECURED
        CREDITORS OF LACK'S STORES,
        INCORPORATED AND ITS AFFILIATED
        DEBTORS

        By: _____
        Sealy Mattress Company
        Co-Chair of the Committee
        Mike Murray

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 29, 2010, the foregoing pleading was served electronically by the Court's Pacer System to those parties registered to receive electronic notice, and via email or U.S. Mail, postage prepaid, upon the persons listed on the Master Service List as of December 6, 2010.

                                                    /s/ S. Margie Venus
                                                    S. Margie Venus