IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-60149 |
| LACK'S STORES, INCORPORATED, | § | |
| ET AL.,[1] | § | (CHAPTER 11) |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

### DECLARATION OF S. MARGIE VENUS IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRONG PIPKIN BISSELL & LEDYARD, L.L.P. AS LOCAL COUNSEL

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. §1102, S. Margie Venus hereby certifies and declares as follows:

1. "My name is S. Margie Venus. I am an attorney at law admitted to practice in the State of Texas. I am familiar with the matters set forth herein and make this declaration in support of the Application of the Official Committee of Unsecured Creditors for Order Authorizing the Employment and Retention of Strong Pipkin Bissell & Ledyard, L.L.P. as Local Counsel (the "Retention Application") filed by the Official Committee of Unsecured Creditors (the "Committee") of Lack's Stores, Incorporated and its affiliated debtors (the "Debtors").

2. On November 16, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned cases (the "Cases").

1. On November 30, 2010, the Committee was appointed by the Office of the United States Trustee. The Committee is comprised of the following members: Sealy Mattress

---

[1] The Debtors include Lack's Stores, Incorporated, Merchandise Acceptance Corporation, Lack's Furniture Centers, Inc., and Lack Properties, Inc.

Company, Furniture Brands International, Tartone Enterprises, Inc., Najarian Furniture Co., Inc., and Ryder Integrated Logistics, Inc.

2.    On December 2, 2010, a meeting of the Committee took place at which time the Committee interviewed various law firms as potential counsel for the Committee and ultimately selected Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP ("PSK"). Subsequently, at a meeting of the Committee held on December 7, 2010, the Committee selected Strong Pipkin Bissell & Ledyard, L.L.P. ("Strong Pipkin") to serve as local counsel with PSK.

3.    Concurrently herewith, the Committee filed the Retention Application seeking an order authorizing their employment and retention of Strong Pipkin *nunc pro tunc* to December 7, 2010. The services to be rendered by Strong Pipkin to the Committee are more specifically set forth in the Retention Application.

4.    The Committee has agreed, subject to Court approval, to compensate Strong Pipkin in this matter for legal services rendered or to be rendered in connection with the Cases at the rates set forth in the Retention Application. Subject to this Court's approval, Strong Pipkin will charge for its legal services on an hourly basis with rates in effect on the date services are rendered. Currently, Strong Pipkin charges the following hourly rates: S. Margie Venus, Of Counsel, $450; other attorneys, $250-$450; and paralegals $125-$175. Such hourly rates are subject to adjustment generally as of January 1st of each year. In addition, the Committee also has agreed to reimburse Strong Pipkin, subject to the Court's approval, for its actual and necessary expenses and costs incurred in connection with the Cases.

5.    Strong Pipkin will seek approval of payment of compensation and reimbursement of expenses by filing appropriate applications for allowance of interim or final compensation

pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, this Court's Local Rules, and orders of this Court.

6. Strong Pipkin has not shared, and has not agreed to share (a) any compensation it may receive with another party or person, or (b) any compensation another person or party has received or may receive.

7. To the best of my knowledge and information, and except as set forth below, Strong Pipkin:

(a) is not a creditor, an equity security holder or an insider of the Debtors;

(b) is not, and was not within the past two years, a director, officer, or employee of any of the Debtors;

(c) does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders of the Debtors, by reason or any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason;

(d) does not currently represent the Debtors or any of their related parties, affiliates, partners, or subsidiaries, and Strong Pipkin will not undertake the representation of the Debtors or related entities during this engagement. Moreover, Strong Pipkin will not undertake the representation of any party other than the Committee in connection with the Debtors' chapter 11 proceedings; and

(e) neither holds nor represents any interest adverse to the Committee, the Debtors, their creditors or other parties in interest or their respective attorneys and accountants in these chapter 11 cases.

8. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and information, neither I, Strong Pipkin, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their respective creditors, or any other parties-in-interest, or their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee, except as disclosed or as otherwise described herein.

3

9. I am not related, and to the best of my knowledge no attorney at Strong Pipkin is related, to any United States Bankruptcy Judge in this judicial district, or to the United States Trustee for such district or any employee thereof.

10. In preparing this Declaration, through my colleagues, I submitted to Strong Pipkin's computerized client and conflict database (the "Database") the names set forth in the Master Service List as of December 6, 2010, and additional parties identified by Strong Pipkin, which included: (i) Debtors; (ii) Debtors' professionals; (iii) United States Trustee for Region 7 and employees of the Office of the United States Trustee in Houston; (iii) Committee professionals; (iv) Committee members and member's counsel; (v) government agencies; (vi) potential secured lenders and lender's counsel; (vii) the Debtors' twenty largest unsecured creditors; and (viii) other parties in interest. A copy of the list of the parties searched by Strong Pipkin is annexed hereto as **Exhibit A** (collectively, the "Searched Parties"). Searches are conducted on a key word/partial word/phrase search basis, and matched against what Strong Pipkin has entered within its system. Accordingly, the keyword, key partial word, or key phrase searched for each of the Searched Parties is shown underlined on Exhibit A.

11. The Database is designed to reveal the potential for conflicts of interest and other connections to existing and former clients and to non-client third parties. Search results were reviewed and together with input from other Strong Pipkin professionals the connections set forth below were obtained.

12. The following is the product of implementing the procedures described above and is listed alphabetically by Searched Parties:

  (a) Andrews Kurth – Strong Pipkin has served as counsel in a bankruptcy matter wholly unrelated to these Cases wherein Andrews Kurth represents another party.

4

(b) Bexar County – In a matter unrelated to these Cases, Strong Pipkin previously represented a defendant in a litigation matter against Bexar County.

(c) Capital One – In matters unrelated to these Cases, Strong Pipkin currently represents a party in a trust dispute in which Capital One Bank, N.A. is also involved, conducted a mediation in which Capitol One, N.A. was a plaintiff, and represents a third party defendant in a litigation matter in which Capital One, N.A. is a plaintiff.

(d) CIT Group – In a matter unrelated to these Cases, Strong Pipkin previously represented a defendant against CIT Group.

(e) Hilco – In a matter unrelated to these Cases, Strong Pipkin previously represented a defendant against Hilco Receivables, LLC.

(f) Internal Revenue Service – In matters unrelated to these Cases, Strong Pipkin previously represented pro bono an individual before the IRS, previously represented a party in a litigation matter in which the IRS was a co-defendant, and currently serves as counsel in bankruptcy matters in which the IRS is a creditor.

(g) JP Morgan – In a litigation matter unrelated to these Cases, Strong Pipkin represents the opposing party defendant. In matters unrelated to these Cases, Strong Pipkin has in the past, is not currently but may in the future serve as local counsel in the Southeast Texas area for JP Morgan's lead law firm on residential foreclosure matters.

(h) Lacks – Strong Pipkin represents a defendant in a litigation matter in which Amy Elizabeth Lack is plaintiff, and represents a co-defendant in a litigation matter in which Forest Lack is plaintiff. It is unknown whether Amy Elizabeth Lack and/or Forest Lack are related to the Debtors' principals.

(i) LG Electronics – Strong Pipkin previously represented a co-defendant in a litigation matter in which LG Electronics U.S.A. was also a defendant, unrelated to these Cases.

(j) PNC Bank – In matters unrelated to these Cases, Strong Pipkin previously represented a co-defendant in a litigation matter, and previously represented a party against PNC Bank in a litigation matter.

(k) Presidential – Strong Pipkin previously represented Presidential Life Insurance Company in various insurance disputes. It is unknown whether this former client is related to "Presidential" which is listed as a creditor of the Debtors.

5

(l) Ryder – Strong Pipkin currently represents a party who is a co-defendant with Ryder Industries, Inc. in a litigation matter unrelated to these Cases. In prior litigation matters unrelated to these Cases, Strong Pipkin has either represented one of the following, or represented another party: Ryder Company, Ryder Truck Rental, Ryder Industries, Ryder Bulk Transportation, Ryder Transportations, Ryder Airline Services, and/or Ryder Transportation Services.

(m) US Bank – In matters unrelated to these Cases, Strong Pipkin represents US Bank from time to time as local counsel in the Southeast Texas area for US Bank's lead law firm on residential foreclosure matters.

(n) Wells Fargo – Strong Pipkin represents Wells Fargo Bank, N.A. and its affiliates from time to time as local counsel in the Southeast Texas area for Wells Fargo's lead law firm on residential foreclosure actions in Texas, none of which relate to these Cases. Strong Pipkin has in the past and is currently representing parties against Wells Fargo Bank or an affiliate in litigation matters unrelated to these Cases. In matters unrelated to these Cases, Strong Pipkin has represented a co-defendant in a litigation matter, and has represented Wells Fargo Equipment Finance in a replevin matter. A Strong Pipkin attorney has been appointed to serve as arbitrator in a matter unrelated to these Cases in which Wells Fargo Advisors, LLC is a party.

(o) Vinson & Elkins – In litigation matters unrelated to these Cases, Strong Pipkin has previously served as local counsel for, and co-counsel with, Vinson & Elkins. In a litigation matter unrelated to these Cases, Strong Pipkin and Vinson & Elkins represent co-defendants.

(p) Whirlpool – In a litigation matter unrelated to these Cases, Strong Pipkin previously represented Whirlpool Corporation.

13. Strong Pipkin may have represented in the past and/or may currently represent or in the future represent entities (other than parties in the attached schedule) not currently known to Strong Pipkin in matters wholly unrelated to the Debtors' Cases who may be parties in interest in these Cases.

14. Based upon information available to me, I believe that Strong Pipkin is a disinterested person within the meaning of the Bankruptcy Code. Some of the creditors and professionals representing parties in interest in these Cases may have been (and may currently be) creditors or professionals or counsel in other bankruptcy proceedings or litigation matters

where Strong Pipkin served (and may continue to serve) as counsel.  Except for representation of the Committee, Strong Pipkin does not represent any creditor or party in interest in any capacity related to this proceeding.

15. Strong Pipkin will update this Declaration when necessary and when Strong Pipkin becomes aware of material information.

16. I certify that the foregoing is a complete statement of any agreement or arrangements for payment to Strong Pipkin for representation of the Committee in these Cases."

Signed this 27th day of December, 2010.

By: /s/ S. Margie Venus
S. Margie Venus
State Bar No. 20545900
Strong Pipkin Bissell & Ledyard, L.L.P.
1301 McKinney, Suite 2100
Houston, Texas 77010
713-651-1900 (Telephone)
mvenus@strongpipkin.com (e-mail)

Exhibit "A"

Searched Parties

Debtors:
Lack's Furniture
Lack's Properties
Lack's Stores, Incorporated
Merchandise Acceptance Corporation


Debtor's Professionals:
Hilco Merchant Resources
Huron Consulting – Financial Advisors
Vinson & Elkins LLP - Counsel


U.S. Trustee – Houston Division:
Griffin, Barbara
March, Christine
Waxton, Clarissa
Livingstone, Diane
Hickman, Ellen
Otto, Glenn
Duran, Hector
Holley, Nancy
Robbins, Judy A.
Statham, Stephen


Committee Professionals:
Conway, MacKenzie – Financial Advisors
Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP


Committee Members and Members' Counsel:
Diamond McCarthy, L.L.P.
Furniture Brands International
Najarian Furniture Company; Najarian
Ryder Integrated Logistics, Inc.
Sealy Mattress Company
Tartone Enterprises Inc.
Womble Carlyle Sandridge & Rice, P.L.L.C.

Government Agencies:
Internal Revenue Service; IRS
Texas Comptroller of Public Accounts
Texas Secretary of State
Texas Workforce Commission
U.S. Attorney for Southern District of Texas


Potential Secured Lenders and Lenders' Counsel:
Anderson Smith Null & Stofer
Capital One Leverage Finance Corp
City Bank Lubbock; City Bank of Lubbock; City Bank
Cox Smith Matthews Incorporated
First Victoria National Bank
Fishman Jackson Luebker
JP Morgan Chase Bank
Patton Boggs LLP
PNC Bank
Prosperity Bank
The CIT Group/Business Credit, Inc., as Agent
Thrivent Financials for Lutherans
U.S Bank, N.A.; US Bank


Twenty Largest Unsecured Creditors:
Austin American Statesman
BrownChild Ltd., Inc.
Corinthian Inc.
Global Link Logistics, Inc.
Lane Furniture Industries
Legends Furniture
LG Electronics USA, Inc.
Lifestyle Enterprises
Michael Nicholas Designs, Inc.
Najarian
Oak Furniture West LLC
Presidential
Progressive Furniture Inc.
Ryder Integrated Logistics, Inc. - Committee
Sealy Mattress Company
Sed International
Standard Furniture Mfg., Co.
Steve Silver Company
Tartone Enterprises, Inc.
Whirlpool

2

Other Parties in Interest:
3111 Cuthbert Corporation
Andrews Kurth LLP
Angelina County
Banana Split Investments, Inc.
Bexar County
Blue Parrot Investments, Inc.
Abramson, Brian A.
BrownChild Ltd.
City of Clute
Consolidated Insurance Association
Consolidated Texas Corporation
County of Brazos
County of Calhoun
County of Comal
County of Taylor
County of Williamson
First State Bank of Uvalde
Gregg County
Hohmann, Taube & Summers, L.L.P.
Lack, Jane; Lack
Lack, Jay; Lack
La Vega Independent School District
Langley & Banack Incorporated
Life Protection Insurance Company Consolidated
Lloyds
Linebarger Goggan Blair & Sampson
Mac Rents
Myers, Marc Douglas
Matagorda County
McCreary, Veselka, Bragg & Allen, P.C.
Lack, Melvin
Michael Nicholas Designs, Inc.
Midland Central Appraisal District
Midland County
Midland County Tax Office
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
Rush, Kelly, Morgan, Dennis, Corzine & Hansen, P.C.
Shackelford Melton & McKinley
Smith County
Steve Silver Company
Tax Appraisal District of Bell County
The Nunley Firm, PLLC
United Furniture Industries
Victoria County

3

Walco Development, LP
Warner Norcross & Judd LLP
Wells Fargo Bank
Wharton County
Whirlpool Corporation
Wright Titus Agency

# mhebert

12:54:40
SPBL Application of the Official Committee v 2 _final_.pdf