IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-60149 |
| LACK'S STORES, INCORPORATED, | § | |
| ET AL.,[1] | § | (CHAPTER 11) |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

ORDER AUTHORIZING
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO RETAIN AND EMPLOY
<u>STRONG PIPKIN BISSELL & LEDYARD, L.L.P. AS LOCAL COUNSEL</u>
Related to Dkt # ____

Upon the application dated December 27, 2010 (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Lack's Stores, Incorporated and its affiliated debtors, as debtors and debtors in possession (collectively the "Debtors") for an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Committee to retain and employ the law firm of Strong Pipkin Bissell & Ledyard, L.L.P. ("Strong Pipkin"), and upon the Declaration of S. Margie Venus, Esq., an of counsel of the firm of Strong Pipkin (the "Venus Declaration"); and it appearing that the partners, counsel, associates and staff attorneys of Strong Pipkin who will perform services on behalf of the Committee in these chapter 11 cases are duly qualified to practice before this Court; and the Court finding, based on the representations made in the Application and the Venus Declaration, that Strong Pipkin does not represent any interest adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as

---

[1] The Debtors include Lack's Stores, Incorporated, Merchandise Acceptance Corporation, Lack's Furniture Centers, Inc., and Lack Properties, Inc.

modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and, in the best interests of the Committee and the Debtors' estates; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Application is **GRANTED**. It is further

**ORDERED** that, pursuant to 11 U.S.C. § 328, the Committee is authorized to employ and retain Strong Pipkin as its local counsel effective *nunc pro tunc* to December 7, 2010. It is further

**ORDERED** that Strong Pipkin shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, any applicable Federal Rules of Bankruptcy Procedure, the Local Rules of this District, the Guidelines established by the U.S. Trustee, and any procedures as fixed by further order of this Court. It is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January ___, 2011
Houston, Texas

_____
HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE