# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 10-60149 (JB) |
| LACK'S STORES, INC., *ET AL.*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CONWAY MACKENZIE, INC. AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO DECEMBER 9, 2010**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 19, 2011 AT 2:30 P.M. AT THE UNITED STATES COURTHOUSE, COURTROOM 600, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

The Official Committee of Unsecured Creditors (the "Committee") of Lack's Stores,

Incorporated and its affiliated debtors, as debtors and debtors in possession (the "Debtors"),

---

[1] The Debtors and the last four digits of their tax identification numbers are Lack's Stores, Incorporated (6528), Merchandise Acceptance Corporation (0972), Lack's Furniture Centers, Inc. (9468), and Lack Properties, Inc. (8961).

hereby submits this application (the "Application"), pursuant to 11 U.S.C. §§ 328(a) and 1107(b) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking entry of an order authorizing the employment and retention of Conway MacKenzie, Inc. ("CMI") as financial advisors for the Committee *nunc pro tunc* to December 9, 2010.  In support of this Application, the Committee submits the *Affidavit and Disclosure of John T. Young, Jr.* (the "Young Affidavit"), which is attached hereto as **Exhibit "A"**.  In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Application concerns the administration of the estates, and, therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      On November 16, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned cases (the "Cases").

4.      Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5.      On November 30. 2010, the Committee was appointed by the Office of the United States Trustee, and selected PSK to represent its interests in these Cases.

6.      On December 7, 2010, a meeting of the Committee took place at which time the Committee interviewed various financial advisors and ultimately selected CMI as its financial advisors.

## RELIEF REQUESTED

7.     The Committee seeks to employ CMI as its financial advisors in accordance with the engagement letter dated December 8, 2010 (the "Engagement Letter") and Bankruptcy Code §328.  The financial advisory services that CMI expects to provide to the Committee include:

      a.  Review and analysis of the Debtors' reporting of financial information, including but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought;

      b.  Assist in the review of reports or filings as required by the Bankruptcy Court or the Office of the United States Trustee, including, but not limited to, schedules of assets of liabilities, statements of financial affairs and monthly operating reports;

      c.  Review and analysis of the liquidation process including inventory liquidations, lease transactions and furniture, fixture and equipment liquidations.  Additionally, provide analysis relating to the Debtors' efforts to market, or otherwise monetize the consumer loan portfolio;

      d.  Assist the Committee and its counsel in evaluating and responding to various developments or motions during the course of the Debtors' chapter 11 cases, including such matters as claims analysis, including preference analysis, vendor relations, including reclamations claims, executor contracts and real estate interests;

      e.  Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters; and

      f.  Other such functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

8.     The name, mailing address, and telephone number of the professional primarily responsible for the financial advisory services rendered by CMI is:

John T. Young, Jr.
Conway MacKenzie
1301 McKinney Street, Suite 2025
Houston, Texas 77010
Tel: 713.650.0500
Fax: 713.650.0502
JYoung@ConwayMacKenzie.com

Other professionals at CMI will participate in providing financial advisory services to the Committee, as necessary.

9.      Pursuant to Bankruptcy Code § 328(a) and Bankruptcy Rule 2014, the Committee wishes to retain CMI as its financial advisors *nunc pro tunc* to December 9, 2010.[2]  Based upon CMI's experience and expertise, the Committee has selected CMI as its financial advisors because CMI is well qualified to advise and assist the Committee with financial issues that arise during the bankruptcy cases.

10.      No compensation has been paid to CMI.  Subject to the Court's approval, CMI proposes to bill for fees based upon time spent in rendering financial advisory services at the same hourly rates that CMI charges its other clients for similar work.[3]  The hourly rates of the CMI professionals expected to perform financial advisory services hereunder are as follows: $150-$200 for paraprofessionals, $275 to $375 for Senior Consultants, $375 to $450 for Directors, $425 to $525 for Managing Directors and $450 to $695 for Senior Managing Directors.  Mr. Young will provide oversight and engagement management with a billing rate of $475 per hour.  In addition, CMI will seek to be reimbursed for its out-of-pocket expenses for rendering such services.

11.      All CMI professionals who provide services to the Committee will maintain billing records setting forth complete and detailed activity descriptions including a time allotment billed in increments of one-tenth of an hour.  Each activity will include a description of the type and subject matter of the activity undertaken and activity descriptions will not be

---

[2] Pursuant to LBR 2014-1(b)(1), an application for approval of employment made within 30 days after the commencement of the provision of services is deemed contemporaneous.  Nonetheless, the Committee is requesting *nunc pro tunc* approval in an abundance of caution.

[3] CM's standard rates are subject to adjustment as of January 1 of each year.  CM proposes to bill for fees as calculated by its rate structure for the relevant period(s) of time.

COMMITTEE'S APPLICATION FOR ORDER
AUTHORIZING EMPLOYMENT AND RETENTION
OF CONWAY MACKENZIE AS FINANCIAL ADVISORS                          **Page 4 of 6**

lumped together.  Activity descriptions will be presented chronologically within each project

category.

12.     All compensation payable to CMI with respect to services rendered will be subject to Court approval in accordance with Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Orders of this Court.

13.     To the best of the Committees' knowledge, the professionals at CMI do not have any connection with the Debtors, the Debtors' substantial creditors, their respective attorneys, and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed in the Young Affidavit.

14.     CMI has indicated its desire and willingness to serve as financial advisors for the Committee on the basis set forth above.

**PRAYER**

The Committee respectfully requests that the Court enter an Order authorizing and approving the employment of CMI on the terms set forth above.  The Committee requests that the Court grant it such other and further relief to which it may be justly entitled.

Dated: December 29, 2010

Respectfully submitted,

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF LACK'S
STORES, INCORPORATED AND ITS
AFFILIATED DEBTORS

By: _____
Name: Mike Murray
Title:  Committee Co-Chairperson

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 29, 2010, the foregoing pleading was served electronically by the Court's Pacer System to those parties registered to receive electronic notice, and via email or U.S. Mail, postage prepaid, upon the persons listed on the Master Service List as of December 6, 2010.

　　　　　　　　　　　　　　　　 /s/ S. Margie Venus

　　　　　　　　　　　　　　　　S. Margie Venus