IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-60149 |
| | § | (CHAPTER 11) |
| LACK'S STORES, INCORPORATED, | § | Jointly Administered |
| ET AL.,[1] | § | |
| | § | |
| Debtors. | § | |

**OBJECTION OF THRIVENT FINANCIAL FOR LUTHERANS TO DEBTOR'S
EXPEDITED MOTION TO APPROVE PROCEDURES AND BID PROTECTIONS
FOR SALES OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND OTHER INTERESTS (OWNED REAL PROPERTY)**

Thrivent Financial for Lutherans, a Wisconsin corporation, files this objection (the "Objection") to the Debtor's Expedited Motion to Approve Procedures and Bid Protections for Sales of Real Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests (Owned Real Property) (the "Motion") and respectfully shows the Court as follows:

## I.  Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The Motion concerns the administration of the Debtors' estate and is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A).  Venue is proper in this District under 28 U.S.C. §1408.

## II.  Statement of Facts

2.      The Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code on November 16, 2010.  Since that date the Debtors have continued to operate their businesses as debtors in possession pursuant to Bankruptcy Code §§1107(a) and 1008.

---

[1] The Debtors include Lack's Stores, Incorporated, Lack Properties, Inc., Merchandise Acceptance Corporation and Lack's Furniture Centers, Inc.

3.      Debtor, Lack Properties, Inc., a wholly owned subsidiary of Debtor Lack's Stores, Incorporated (herein "Lack's") owns fourteen (14) store, distribution center and warehouse locations in Texas, all of which are leased to Lack's.

4.      Debtors have advised the Court that they intend to propose a chapter 11 plan that will provide for the marketing, and disposition of the real estate interests owned by Lack's Properties.

5.      On December 31, 2010, Debtors filed several motions relating to the disposition of their assets, including the Expedited Motion to Approve Procedures for the disposition of the 14 properties owned by Lack Properties.  Thrivent holds a first lien on two (2) of the properties to secure a loan in the original amount of $3,000,000.00 dated April 11, 2006.  True and correct copies of the deeds of trust establishing said liens are attached hereto as <u>Exhibit A</u>.  The properties which secure this loan are located in Abilene, Texas and Longview, Texas.  The balance due on the indebtedness secured by these liens is approximately $2.4 million.

### III. <u>Objection</u>

6.      Thrivent objects to the expedited sale procedures described in the Motion on the ground that there is no provision for secured lenders, such as Thrivent, to offer a credit bid for the properties that are encumbered by their liens.  The allowance of such credit bids, at least to the extent same exceed the purchase price offered through any transaction proposed by the Debtors under the proposed expedited procedures, would serve to both enhance the benefit to the Debtor's estate from the disposition of the property, and will serve to protect the secured lenders from being compelled to lose their collateral in an expedited transaction for an amount that is less than they would be willing to pay in order to protect their position.

7.      In addition, Thrivent objects to the use of stalking horse bidders in connection with the marketing and sale of their collateral on the ground that they will be able to protect their interest in getting the best value for the collateral by being allowed to offer a credit bid, and under such circumstances, the use of a stalking horse bidder will only add unnecessary expense to the sale process and potentially chill the bidding by potential purchasers.

8.      The modification of the Debtor's proposed expedited sale procedures to allow for credit bids by those parties holding first liens on the properties to be marketed and sold will not materially disrupt the disposition process, will protect the secured lenders from the loss of their collateral for less than its fair value and will not diminish, and may even enhance, the economic benefits of the sales transactions to the Debtors.

## IV. <u>Legal Authority</u>

9.      Under Section 363(e) of the Bankruptcy Code, the court at the request of a party that has an interest in property that is proposed to be sold is specifically authorized to prohibit or condition the sale as may be necessary to provide adequate protection of such interest.  Adequate protection in this context extends to the protection of the secured creditor from diminution in the value of its collateral during the reorganization process.  <u>In re: First S. Savs. Ass'n</u>, 820 F2d. 700, 710 (5th Cir. 1987).  The sale procedures proposed by the Debtors, by not providing an opportunity for first lien holders to bid on their collateral and thereby protect their interest therein, and by encumbering such transactions with the break up costs of using stalking horse bidders, do not adequately protect Thrivent's interests, and should be modified accordingly.

## V. <u>Prayer</u>

10.     Wherefore, for the reasons set forth above, Thrivent Financial for Lutherans requests that the Court sustains its Objection to the expedited sales procedures proposed by

Debtors with respect to its owned real estate, and further requests that the Court (i) prohibit the use of stalking horse bidders with respect to the marketing and sale of the Debtors' properties in Abilene, Texas and Longview, Texas, and (ii) require the Debtors to provide Thrivent with an opportunity to offer a credit bid in excess of whatever sales price is proposed by the Debtors with respect to their stores in Abilene, Texas and Longview, Texas.

Date:  January 7, 2011

Respectfully submitted,

**FISHMAN JACKSON LUEBKER PLLC**

By:     /s/ Donald O. Walsh
        Donald O. Walsh
        State Bar No. 20797300
        700 Three Galleria Tower
        13155 Noel Rd., LB 48
        Dallas, Texas 75240-6675
        Telephone: (972) 419-5508
        Facsimile: (972) 419-5501

        ATTORNEYS FOR THRIVENT
        FINANCIAL FOR LUTHERANS