IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-60149 |
| LACK'S STORES, INCORPORATED, | § | |
| *ET AL.*,[1] | § | (CHAPTER 11) |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF THE WILKERSON ENTITIES (A) TO COMPEL TIMELY PERFORMANCE OF POST-PETITION LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(D)(3) OR, (B) IN THE ALTERNATIVE, FOR THE ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. §503(B)(1)**

Now comes the Official Committee of Unsecured Creditors (the "Committee") of the above-referenced Debtors and files this objection (the "Objection") to the *Motion of the Wilkerson Entities (A) to Compel Timely Performance of Post-Petitions Lease Obligations Pursuant to 11 U.S.C. §365(d)(3) or, (B) in the Alternative, for the Allowance of Administrative Expense Claims Pursuant to 11 U.S.C. §503(b)(1)* (the "Motion") [Doc. No. 231], and in support, would show the Court as follows:

### I. BACKGROUND

1. On November 16, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 1 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned cases (the "Cases").

2. On December 30, 2010, the Motion was filed by the Wilkerson Entities (as defined in the Motion) seeking to compel the Debtors' immediate payment of an aggregate of approximately $194,000.00 as alleged 11 U.S.C. §365(d)(3) post-petition obligations under three leases (the "Leases"). According to the Motion, the amounts are attributable to invoices for 2010

---

[1] The Debtors include Lack's Stores, Incorporated, Merchandise Acceptance Corporation, Lack's Furniture Centers, Inc., and Lack Properties, Inc.

real property taxes received by the Wilkerson Entities, who assert that "[O]n information and belief, the Debtors are obligated under the Leases to pay such real property taxes…" Motion at ¶6. In the alternative, the Wilkerson Entities seek the allowance and payment of such amounts as administrative expense claims pursuant to 11 U.S.C. §503(b)(1).

3. On January 18, 2011, the CIT Group/Business Credit, Inc ("CIT") filed its objection to the Motion (the "CIT Objection") [Doc. No. 428]. CIT argues that only taxes accruing after the Petition Date may be paid under §365(d)(3) and that the appropriate standard to apply is the "accrual" approach. That under the accrual approach and facts and circumstances of this case it appears that the 2010 tax obligations under the Leases were payable in advance of the Petition Date given that the Wilkerson Entities received their tax bills in late September and early October of 2010 by their own admission. The Leases provide that "Tenant shall pay all real estate taxes … assessments and other governmental impositions lawfully created and assessed against the Leased Premises…" Motion ¶4. Further the Leases provide that if an amount is not paid "they shall nevertheless be collectible as rent with the next installment of minimum rent thereafter falling due…" Motion ¶5. Accordingly, the obligations would have accrued before the Petition Date. Additionally, CIT argues that any request for administrative claims are unfounded and premature at this time.

4. The Committee had hoped that a resolution of this issue might be possible. However, given that agreement could not be reached it has necessitated the filing of this Objection. Accordingly, the Committee adopts the objections of CIT as summarized hereinabove and as more fully set forth in the CIT Objection.

5.      While the Committee opposes the Motion, it continues to work with the Debtors and the Wilkerson Entities on a solution and files this Objection merely to preserve its rights expressed herein.

Wherefore, Premises Considered, for the reasons stated herein, the Committee respectfully requests that the Court sustain its Objection and deny the Motion and grant such other and further relief as may be just and proper.

Dated: Houston, Texas
January 19, 2011

**STRONG PIPKIN BISSELL & LEDYARD, L.L.P.**

By:   __/s/ S. Margie Venus_____
        S. Margie Venus, SBT # 20545900
        1301 McKinney Street, Suite 2100
        Houston, Texas  77010
        Tel:  713-210-5030
        Fax: 713-651-1920
        mvenus@strongpipkin.com

and

**PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP**
Clifford A. Katz, Esq.
Sherri D. Lydell, Esq.
1065 Avenue of the Americas - 18th Floor
New York, New York 10018
Telephone: (212) 593-3000
Facsimile: (212) 593-0353
Email: ckatz@platzerlaw.com
Email: slydell@platzerlaw.com

ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

1120615v1

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on January 18, 2011, a telephonic conference was held between counsel for the Committee and counsel for the Wilkerson Entities, and the parties' dispute with respect to the Motion was unable to be resolved.

/s/ S. Margie Venus_____
S. Margie Venus

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 19, 2011 a copy of the Objection was served via e-mail on counsel for the Wilkerson Entities, CIT and the Debtors.

/s/ S. Margie Venus_____
S. Margie Venus