**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 10-60149** |
| | § | **(CHAPTER 11)** |
| **LACK'S STORES,** | § | **Jointly Administered** |
| **INCORPORATED, ET AL.,1** | § | |
| | § | |
| **Debtors.** | § | |

**OBJECTION OF NUECES-HOLLIDAY MAVERICK PARTNERS II, LTD. TO
THE ASSIGNMENT AND SALE OF REAL PROPERTY LEASE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Debtor, Nueces-Holliday Maverick Partners II, Ltd. a Texas limited partnership ("Landlord"), and files this, its Objection to the Debtor's Assignment and Sale of Real Property Lease (the "Objection") to Fred Kost; and for its Objection would respectfully show the Court as follows:

**JURISDICTION**

1. This matter is a core proceeding, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL AND PROCEDURAL BACKGROUND**

2. Lack's Stores, Incorporated ("Lack's" or "Debtor") is a Texas corporation with its headquarters located in Victoria, Texas. As of the Petition Date, it was one of the largest independently-owned retail furniture chains in the United States, operating thirty-six retail home furnishing stores in twenty-six Texas cities. Lack's operated under the trade names "Lack's" and "Lack's Home Furnishings" and sells a complete line of furnishings for the home, including furniture, bedding, major appliances, and home

electronics. *See* Debtor's Motion to Approve Procedures and Bid Protections for the Sales and Assignments of Real Property Leases Free and Clear of Liens, Claims, Encumbrances, and Other Interests [Docket # 233].

3. On June 1, 2004, Debtor, as lessee entered into a shopping center lease, as amended by a lease modification agreement dated February 18, 2009, with Landlord as lessor, for real property and improvements located at 2330 East Main, Uvalde, Texas, 78801 (the "Store") for the term of 15 years (the "Lease").

4. On November 16, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-referenced cases (collectively, the "Cases").

5. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6. The United States Trustee appointed the Official Committee of Unsecured Creditors ("Committee") on November 30, 2010 [Docket # 96].

7. On December 31, 2010, the Debtor filed its Expedited Motion to Approve Procedures and Bid Protections for the Sales and Assignments of Real Property Leases Free and Clear of Liens, Claims, Encumbrances, and Other Interests [Docket # 233](the "Procedures Motion". The Procedures Motion was approved by the Court on January 12, 2011 [Docket # 364].

8. On January 12, 2010, Debtor entered into an Assignment and Assumption of the Lease with Fred Kost ("Mr. Kost") (the "Assignment of Lease").

9. The Debtor's Notice of Sale Hearing (Real Property Lease), relating to the Assignment of Lease, was filed was the Court on January 13, 2011 [Docket # 375].

10. Section 365(f)(2)(B) provides that a trustee may only assign an executory contract or unexpired lease of the debtor only if adequate assurance of future performance by assignee of such lease is provided. "The terms 'adequate assurance of future performance' are not words of art; the legislative history of the [Bankruptcy] Code shows that they were intended to be given a practical, pragmatic construction." *Texas Health Enter., Inc. v. Lytle Nursing Home,* 72 Fed. Appx. 122, 126, 2003 WL 21770822, * 2 ( 5th Cir. 2003) (quoting *In re Sapolin Paints, Inc.,* 5 B.R. 412, 420 (E.D.N.Y.1980)). Factors to consider include "whether the debtor's financial data indicated its ability to generate an income stream sufficient to meet its obligations, the general economic outlook in the debtor's industry, and the presence of a guarantee." *Id.* at 1310.

11. In addition to meeting all the requirements of Section 365(b)(1) and 365(f) of the Bankruptcy Code, debtors seeking to assume and assign leases in shopping centers must comply with the heightened standards for adequate assurance found in section 365(b)(3). Section 365(b)(3)(A) requires that the financial standing of a proposed assignee must be similar to that of the original tenant <u>as of the date that the lease was executed.</u>  The Debtor cannot meet its burden of showing that the Landlord will receive the requisite adequate assurance of future performance through the assignment of this Lease to Mr. Kost.  Mr. Kost shares none of the financial or operating characteristics of the Debtor on the day the Lease was executed.

12. The Debtor has been in operation since 1938 and was one of the largest independently-owned retail furniture chains in the United States, operating thirty-six

retail home furnishing stores in twenty-six Texas cities. As of the Petition Date Debtor employed 886 persons. *See* Declaration of Melvin Lack in Support of First Day Pleadings and Papers [Docket # 14]. Conversely, Mr. Kost has never owned or even been employed by a retail furniture dealer. When the Debtor entered into the Lease with the Landlord it brought over 65 years or retail furniture experience to the table while Mr. Kost has no retail furniture experience and no recent retail sales experience.

13. From February 1, 2010, through the Petition Date, Debtor generated revenue of more than $122,000,000.00. On the Petition Date Debtor also held customer notes receivables in excess of $130,000,000, which receivables have historically been collected at 95% of the balance. *See* Declaration of Melvin Lack in Support of First Day Pleadings and Papers [Docket # 14]. Mr. Kost provided basic financial statements that estimated assets of $1,156,151.00 and liabilities of $16,046.00. Mr. Kost also provided a summary of his gross income for 2010 which totaled $75,185.00. Moreover, Mr. Kost's assets and liquidity are not sufficient to adequately assure future performance under the terms of the Lease which require rental payments totaling $89,235.33 per year for the sixth through tenth year. The stark differences in both the income and assets of the Debtor and Mr. Kost clearly evidence that their financial condition is anything but similar.

14. In order to undertake his start up retail furniture operations, Mr. Kost has indicated that he will borrow money from a financial institution and commit a meaningful portion of his liquidity to fund start up costs. The net effect will be a further erosion of his ability to provide assurances to the Landlord of his financial ability to perform under the Lease.

15.     Considering Mr. Kost's lack of experience together with his balance sheet, it is clear that the Landlord is left without any assurances of future performance and that Mr. Kost is not in a similar financial situation as the Debtor was when it executed the Lease.

16.     Section 365(b)(3)(C) of the Bankruptcy Code also makes clear that the assumption and assignment of a shopping center lease will not breach any provision contained in any other lease. Landlord is a party to leases with other tenants in the shopping center which provide that Landlord must replace Lacks with a national or regional retailer. Mr. Kost is neither a national or regional retailer and as such any assignment of lease to Mr. Kost violates the requirements of Section 365(b)(3)(C) of the Bankruptcy Code.

WHEREFORE, Landlord prays that this Court enter its order denying the relief requested by Debtor as to Landlord and granting Landlord any and all further relief to which it may be justly entitled.

Respectfully submitted this the 24th day of January, 2011.

OPPENHEIMER, BLEND,
HARRISON & TATE, INC.
711 Navarro, Sixth Floor
San Antonio, TX 78205
Telephone: (210) 224-2000
Facsimile: (210) 224-7540

By:  */s/ Raymond W. Battaglia*
Raymond W. Battaglia
State Bar No. 01918055
Robert K. Sugg
State Bar No. 24058296

ATTORNEYS FOR DEBTOR

**CERTIFICATE OF SERVICE**

   I certify hereby that I have served a true and correct copy of the above and foregoing document on January 24, 2011, via the CM/ECF system, electronic mail, and/or First class Mail, postage prepaid, on the following parties:

Lack's: Lack Properties, Inc.
Attn: Melvin Lack
200 South Ben Jordan
Victoria, TX 77901

Vinson & Elkins LLP
Attn: Paul E. Heath
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
(Attorneys for Lack's)

DJM Realty Services, LLC
Attn: Jim Avallone
445 Broad Hollow Road, Suite 225
Melville, NY 11747

Patton Boggs LLP
Attn: Robert W. Jones
2000 McKinney, Suite 1700
Dallas, TX 75201
(Counsel for the CIT Group/Business Credit, Inc.)

Platzer Swergold Karlin
Levine Goldberg & Jaslow, LLP
Attn: Cliff Katz
1065 Avenue of the Americas, 18th Floor
New York, NY 10018
(Counsel for the Official Committee of
Unsecured Creditors)

                */ S / Raymond W. Battaglia*
                Raymond w. Battaglia