

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
01/27/2011

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 10-60149 |
| LACK'S STORES, INCORPORATED, § | |
| ET AL.,[1] § | (Chapter 11) |
| § | (Jointly Administered) |
| DEBTORS. § | |

### ORDER APPROVING RETENTION OF TAYLOR & MARTIN, INC. AS LIQUIDATOR AND AUCTIONEER

**[Related to Docket No. 471]**

Upon consideration of the *Expedited Amended Application to Employ Taylor & Martin, Inc. as Liquidator and Auctioneer* (the "Application");[2] seeking approval of the employment of Taylor & Martin, Inc. ("T&M") as the Debtors' exclusive agent to publicize and sell the Personal Property. The Court, being satisfied that based upon the *Affidavit of Timothy J. Moore in Support of the Expedited Amended Application to Employ Taylor & Martin, Inc. as Liquidator and Auctioneer* the employment is proper, finds that T&M represents no interest adverse to the Debtors and that T&M is "disinterested" as that term is defined in Bankruptcy Code § 101(14). Furthermore, the Court finds that the employment of T&M is necessary and in the best interests of the Debtors and their estates. Therefore, it is

**ORDERED** that the Application is hereby GRANTED, *nunc pro tunc* as of January 11, 2011. It is further

**ORDERED** that all objections to the Application are overruled. It is further

**ORDERED** that the Auctioneer Agreement is hereby APPROVED. It is further

---

[1] The Debtors and the last four digits of their tax identification numbers are Lack's Stores, Incorporated (6528), Merchandise Acceptance Corporation (0972), Lack's Furniture Centers, Inc. (9468), and Lack Properties, Inc. (8961).

[2] Capitalized terms that are not defined herein shall have the meaning given to them in the Application.

ORDER APPROVING RETENTION OF TAYLOR &
MARTIN AS LIQUIDATOR AND AUCTIONEER
v3 Lacks – Order Granting Application to Employ Auctioneer.DOC

Page 1 of 3

**ORDERED** that pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Bankruptcy Rules 2014 and 2016, the Debtors are authorized to employ and retain T&M on the terms set forth in the Auctioneer Agreement and in this Order. It is further

**ORDERED** that, as more fully set forth in the Auctioneer Agreement, T&M shall be compensated for each sale of Equipment (as defined in the Auctioneer Agreement) based upon a commission equal to four percent (4%) of the gross auction proceeds received from the sale of each item of Equipment. It is further

**ORDERED** that, as more fully set forth in the Auctioneer Agreement, T&M shall charge and retain a six percent (6%) buyer's premium in connection with the sale of each item of Equipment. It is further

**ORDERED** that, Lack's shall reimburse T&M for any out-of-pocket costs incurred by T&M in connection with the sale of each item of Equipment including Agreed Repairs, Court Intervention Costs, all as defined in the Auctioneer Agreement, vehicle inspection fees and any other out-of-pocket costs incurred by T&M that are authorized in writing by Lack's. It is further

**ORDERED** that T&M shall be compensated and have its expenses reimbursed, without the need to file a fee application, in accordance with the terms of the Auctioneer Agreement and this Order. It is further

**ORDERED** that T&M will comply with Bankruptcy Rule 6004(f)(1) and will file all reports required thereby in a timely manner. It is further

**ORDER APPROVING RETENTION OF TAYLOR &**
**MARTIN AS LIQUIDATOR AND AUCTIONEER**     Page 2 of 3
v3 Lacks – Order Granting Application to Employ Auctioneer.DOC

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SIGNED THIS 26th day of January, 2011.

Jeff Bohm
United States Bankruptcy Judge

ORDER APPROVING RETENTION OF TAYLOR &
MARTIN AS LIQUIDATOR AND AUCTIONEER
v3 Lacks – Order Granting Application to Employ Auctioneer.DOC

Page 3 of 3